**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE SLOBEN, individually and on behalf of all others similarly situated,

                Plaintiff,

    v.

SDI INTERNATIONAL CORP.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:


**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

      Plaintiff CHRISTINE SLOBEN ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendant SDI INTERNATIONAL CORP. ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), the New York Codes, Rules and Regulations § 142-2.2 ("NYCRR"), and any other cause(s) of action that can be inferred from the facts set forth herein.

<u>**INTRODUCTION**</u>

      1.     This is a putative collective and class action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

      2.     Defendant is a workforce and business solutions provider supplying staffing services to third-party entities. Defendant employed Plaintiff and other similarly situated employees (collectively with Plaintiff, "Contract Employees") to provide these services.

      3.     First, pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and a collective of persons who are and/or were employed by Defendant nationwide during the

past three (3) years through the final date of the disposition of this action who are/were subject to Defendant's "salary/bonus" pay scheme and not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week, which violates the FLSA and alleges that they are entitled to recover: (i) unpaid and incorrectly paid wages; (ii) unpaid overtime; (iii) liquidated damages; (iv) interest; (v) attorneys' fees and costs; and (vi) such other and further relief as this Court finds necessary and proper.

4.      Second, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of persons who are and/or were employed by Defendant within New York State during the past six (6) years through the final date of the disposition of this action who are/were: (i) subject to Defendant's "salary/bonus" pay scheme and not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week; and/or (ii) not issued the proper wage statements and notices pursuant to the NYLL, which violates the NYLL and the NYCRR and alleges that they are entitled to recover: (i) unpaid and incorrectly paid wages; (ii) unpaid overtime; (iii) liquidated damages; (iv) penalties; (v) interest; (vi) attorneys' fees and costs; and (vii) such other and further relief as this Court finds necessary and proper.

5.      Third, Plaintiff individually brings the action pursuant to the NYLL for Defendant's failure to timely pay her all earned and due wages on her regularly scheduled payday in violation of the NYLL and is entitled to recover: (i) liquidated damages; (ii) interest; (iii) attorneys' fees and costs; and (iv) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States,

and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the statutory wage and hour requirements; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. §§ 201 *et seq*.

7.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains facilities, conduct business and reside in this district.

8.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## **THE PARTIES**

9.      At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR.

10.      Plaintiff currently resides in Scarsdale, New York.

11.      Upon information and belief, Defendant is a corporation organized under the laws of the state of Florida and has its principal place of business in Florida.

12.      Defendant transacted and continues to transact business in New York and within this judicial district by employing Plaintiff and all those similarly situated.

13.      Defendant has at all relevant times been an "employer" covered by the FLSA the NYLL, and the NYCRR.

14.     Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA.

15.     Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the FLSA.

16.     Upon information and belief, Defendant employs over one hundred (100) persons.

## STATEMENT OF FACTS

I.     **Facts Pertaining to Plaintiff's Employment History Prior to Her Employment with Defendant.**

17.     In or around 2012, Plaintiff began her employment working directly for International Business Machines Corporation ("IBM") as a Video Specialist in Armonk, New York.

18.     Video Specialists produce video content for IBM's internal use. IBM provides the Video Specialists with specific guidelines and directions which include, among other things, the content of the video, the length of the video, the audience of the video, where to record, the required equipment, the cast used, the lighting, editing, and the visual graphics to use in the videos.

19.     Video projects are assigned to Video Specialists by their IBM Supervisors.

20.     Video Specialists are not permitted to stray from the guidelines and directions, nor are they permitted to add their own inventive, imaginary, or creative content when producing IBM's videos.

21.     Video Specialists have no supervisory or managerial responsibilities. They are not permitted to hire, fire, supervise, or discipline other employees. They are also not allowed to use their independent judgment on matters of significance for IBM.

22.     Video Specialists typically work in excess of forty (40) hours per week and are paid on an hourly basis.

23.     Upon information and belief, from 2012 to around December 2014, IBM paid Video Specialists the overtime premium of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) hours per week.

24.     In or around January 2015, however, IBM ceased solely employing Video Specialists and required them to be staffed by third-party staffing agencies in order to continue to work at IBM.

25.     IBM provided Video Specialists with a list of staffing agencies to choose from.

26.     Plaintiff selected Defendant as her staffing agency.

**II.     Facts Pertaining to Plaintiff's Employment with Defendant.**

27.     In or around January 2015, IBM contracted with Defendant for Plaintiff to work as a Video Specialist.

28.     In or around January 2015, Plaintiff commenced her employment with Defendant and her job duties/responsibilities remained the same.

29.     Defendant is an entity that offers temporary, contract-to-hire, and permanent placement staffing services to third-party entities.

30.     Defendant employs persons in a variety of different positions who are then staffed at third-party entities, such as IBM, to perform services for them (collectively with Plaintiff, "Contract Employees").

31.     The third-party entities pay Defendant for the Contract Employees' services and Defendant directly compensates the Contract Employees for their work.

32.     The third-party entities set the amount of hours per week that the Contract Employees work.

33.     Defendant set the Contract Employees' hourly rate of pay.

34.     Defendant requires the Contract Employees to record their time worked on its website portal, which requires approval by the third-party entity.

35.     Plaintiff's reported hours worked, however, were not always approved before the payroll deadline.

36.     As a result, Defendant did not always pay Plaintiff her earned and due wages on her regularly scheduled payday in violation of NYLL § 191.

37.     Defendant subjects the Contract Employees to a "salary/bonus" pay scheme whereby it deprives the Contract Employees of the overtime premium for all hours worked in excess of forty (40) per week.

38.     Pursuant to this unlawful pay scheme, the Contract Employees are paid a "guaranteed salary," which was 75% of the total work hours per week established by the third-party entity, multiplied by the Contract Employee's established hourly rate. Defendant then pays the remaining hours worked as a "bonus" that is calculated by multiplying the amount of hours the Contract Employee worked by her established hourly rate and then subtracting the "guaranteed salary."

39.     For example, a Contract Employee's established work hours is forty (40) per week and her established hourly rate was $45.00 per hour. Thus, she is to be paid $1,800.00 per week if she works all forty (40) hours and her "guaranteed salary" is $1,350.00 (75% of $1,800.00). Pursuant to the "salary/bonus" pay scheme, if the Contract employee worked all (40) hours she was paid $1,350.00 in "guaranteed salary" and the remaining $450.00 in "bonus pay." Likewise, if the Contract Employee worked thirty-five (35) hours, she is paid $1,350.00 in "guaranteed salary" and the remaining $225.00 in "bonus pay."

40.     However, if the Contract Employee's weekly pay equated to less than the "guaranteed salary," the difference is deducted from future "bonus pay." For example, if the Contract Employee works twenty (20) hours, she is paid $1,350.00 in "guaranteed salary" but incurs a negative bonus account of $450.00 ($900.00[1]-$1,350.00). Any future "bonus pay" is not paid to the Contract Employee and is added to the negative bonus account. Once the negative bonus account reached $0.00, the Contract Employee was permitted to begin receiving "bonus pay" again.

41.     Moreover, if the Contract Employee worked in excess of forty (40) hours per week, they are paid pursuant to the "salary/bonus" pay scheme and not with the overtime premium for all hours worked in excess of forty (40) per week in violation of the FLSA, the NYLL, and the NYCRR. For example, if the Contract employee works forty (45) five hours she is paid $1,350.00 in "guaranteed salary" and $675.00 in "bonus pay." She does not receive an overtime premium for the five (5) hours of overtime pay she worked during this week.

42.     Accordingly, Defendant effectively pays the Contract Employees on an hourly basis and not a salary or fee basis.

43.     As a further result of its unlawful pay scheme, Defendant fails to provide the Contract Employees employed within New York State with the requisite wage statements and notices pursuant to the NYLL. For example, the Contract Employees' wage statements and notices reflect that they were paid on a salary basis when in reality they are paid on an hourly basis. The Contract Employees' wage statements also do not include the Contract Employees' accurate hours worked, accurate wage overtime rate, or accurate overtime hours worked.

---

[1] $45.00 multiplied by twenty (20) hours.

44.     Although she routinely worked in excess of forty (40) hours per week for Defendant, Plaintiff was subjected to its unlawful "salary/bonus" pay scheme and was not paid the overtime premium of one and a half (1½) times her hourly rate for all hours worked in excess of forty (40) per week.

45.     In or around January 2015, Plaintiff complained to Defendant about not receiving the overtime premium pursuant to Defendant's unlawful "salary/bonus" pay scheme. In response, Kenneth Johnson, a National Account Manager, informed Plaintiff that "no one at SDI gets the overtime rate."

46.     In or around January 2015, David Harrison, IBM's Director of Content Services, asked Plaintiff why she submitted only straight time on her weekly timesheets. In response, Plaintiff complained that Defendant did not pay overtime to Contract Employees.

47.     Throughout her employment with Defendant, Plaintiff complained multiple times to Larry Traola, an IBM Team Leader, about not receiving overtime pay and was told that no one at SDI received overtime.

48.     In or around November 2018, and in or around April 2019, Plaintiff complained to Fred Widland ("Mr. Widland"), IBM's Manager of Video Services, that she was not receiving overtime pay. She also requested to cease working for Defendant and to gain employment with another agency. Mr. Widland denied Plaintiff's request as IBM was phasing out the other agencies.

49.     Despite these complaints, Defendant continued to not pay Plaintiff the overtime premium for all hours worked in excess of forty (40) per week.

50.     Accordingly, Plaintiff was never paid the overtime premium for all hours worked in excess of forty (40) per week throughout her entire employment with Defendant.

51.     In November 2019, Plaintiff was laid-off by Defendant due to a workforce reduction.

52.     Throughout the relevant time period, the Contract Employees were/are not exempt from the overtime requirements of the FLSA the NYLL, and the NYCRR, as they were paid on an hourly basis.

53.     Throughout the relevant time period, the Contract Employees are/were subjected to Defendant's unlawful "salary/bonus pay" scheme.

54.     Throughout the relevant time period, the Contract Employees worked in excess of forty (40) hours per week without compensation at the overtime premium for all hours worked in excess of forty (40) per week in violation of the FLSA, the NYLL, and the NYCRR.

55.     Throughout the relevant time period, Defendant implemented the "salary/bonus" pay scheme to knowingly skirt the overtime provisions of the FLSA, the NYLL, and the NYCRR.

56.     Throughout the relevant time period, Defendant failed to provide the Contract Employees with the requisite wage statement and notices pursuant to the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following Collective:

> All persons employed by Defendant nationwide during the past three (3) years through the final date of disposition of this action, who are or were subjected to Defendant's "salary/bonus" pay scheme and were required to work in excess of forty (40) hours per week without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week.

58.     At all relevant times, Plaintiff was similarly situated to all such individuals in this Collective[2] because, while employed by Defendant, Plaintiff and all FLSA Plaintiffs, are/were subject to the same laws and regulations, are/were paid in the same or in a substantially similar manner, are/were required to work in excess of forty (40) hours per week and are/were subject to Defendant's policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week in accordance with Defendant's "salary/bonus" pay scheme.

59.     Defendant is and has been aware of the requirement to pay Plaintiff and FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week, yet willfully choose not to.

60.      FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

61.     All questions relating to Defendant's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendant's failure to pay statutorily required rate of one and a half (1½) times FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per week are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of this Collective.

62.     Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

63.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

---

[2] Hereinafter referred to as the "FLSA Plaintiffs".

64.     Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

65.      The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

66.     The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

### FED. R. CIV. P.  23 CLASS ACTION ALLEGATIONS

67.     Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL and the NYCRR.

68.     The NYLL Class which Plaintiff seeks to define includes:

> All persons employed by Defendant within New York State during the past six (6) years through the final date of disposition of this action, who are or were: (i) subjected to Defendant's "salary/bonus" pay scheme and were required to work in excess of forty (40) hours per week without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week; and (ii) not issued the proper wage statements and notices pursuant to the NYLL.

69.     The number of class members protected by the NYLL and the NYCRR who have suffered under Defendant's violations of the NYLL and the NYCRR as set forth herein, are in

11

excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

70.     All questions relating to the NYLL Class's allegations under the NYLL and the NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims under the NYLL relating to Defendant's failure to: (i) compensate Plaintiff and the NYLL Class members at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week; and (ii) issue the proper wage statements and notices pursuant to the NYLL and the NYCRR by Defendant are specific to Plaintiff or any proposed NYLL Class member and the claims of Plaintiff are typical of those asserted by the proposed NYLL Class.

71.     Plaintiff will fairly and adequately represent the interests of all members of the proposed NYLL Class.

72.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the NYLL Class's allegations that Defendant violates the NYLL by failing to: (i) compensate Plaintiff and the NYLL Class members at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week; and (ii) issue the proper wage statements and notices pursuant to the NYLL.

73.     The class members of the proposed NYLL Class are readily discernable and ascertainable. Contact information for all members of the proposed NYLL Class[3] is readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

---

[3] Hereinafter referred to as the "NYLL Plaintiffs".

74.     Plaintiff asserts these claims on her own behalf as well as on behalf of the NYLL Plaintiffs through her attorneys who are experienced in class action litigation as well as employment/wage and hour litigation.

75.     Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed NYLL Class and has no interests conflicting with those of the NYLL Class.

76.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual NYLL Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

77.     Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Plaintiffs' jobs and continued employment.

78.     The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed NYLL Class, continued violations of the NYLL and the NYCRR will undoubtedly continue.

79.     Whether Plaintiff and the NYLL Plaintiffs are/were: (i) compensated at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week; and (ii) issued the proper wage statements and notices pursuant to

the NYLL and the NYCRR by Defendant are common questions which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. § 207, Made by
Plaintiff on Behalf of All FLSA Plaintiffs Against Defendant
(Failure to Pay Overtime)**

80.     Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81.     Throughout the period covered by the applicable statute of limitations, Plaintiff and the FLSA Plaintiffs are/were required to work and did in fact work in excess of forty (40) hours per week.

82.     Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per week.

83.     Defendant's conduct is willful and lasted for the duration of the relevant time period.

84.     Defendant's conduct is in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law and the New York Codes, Rules, and Regulations § 142-2.2
Made by Plaintiff on Behalf of All NYLL Plaintiffs Against Defendant
(Failure to Pay Overtime)**

85.     Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86.     Throughout the period covered by the applicable statute of limitations, Plaintiff and the NYLL Plaintiffs are/were required to work and did in fact work in excess of forty (40) hours per week.

87.     Throughout the period covered by the applicable statute of limitations, Defendant knowingly failed to pay Plaintiff and the NYLL Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per week.

88.     Defendant's conduct is willful and lasted for the duration of the relevant time period.

89.     Defendant's conduct is in violation of the New York Labor Law and the New York Codes, Rules, and Regulations § 142-2.2.

<u>**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**</u>
**The New York Labor Law § 195 Made by**
**Plaintiff on Behalf of All NYLL Plaintiff Against Defendant**
**(Failure to Provide Proper Wage Statements and Notices)**

90.     Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91.     Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, accurate wages, accurate number of hours worked, the overtime rate of pay, and the overtime hours worked.

92.     Also pursuant to the NYLL, employers are required to furnish employees with a wage notice that includes their pay basis.

93.     Throughout the relevant time period, Defendant's knowingly failed to provide Plaintiffs and the NYLL Plaintiffs with the required wage statements and notices pursuant to NYLL.

94.     Defendant's conduct is willful and lasted for the duration of the relevant time period.

95.     Defendant's conduct is in violation of New York Labor Law § 195.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 191
### (Failure to Timely Pay Wages)

96.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Throughout the relevant time period, every week Defendant was required to pay Plaintiff all earned and due wages.

98.     Throughout the relevant time period, Defendant did not always pay Plaintiff all her earned and due wages every pay period.

99.     Defendant's conduct was willful and lasted for the duration of the relevant time period.

100.    Defendant conduct was in violation of the New York Labor Law § 191.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendant as follows:

A.      At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collectives, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B.      Designation of Plaintiff as representative of the FLSA Collectives defined herein, and Plaintiff's counsel as Collective Counsel;

C.      Designation of Plaintiff as representative of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiff's counsel as Class Counsel;

D.      Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed Collective members under the FLSA;

E.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed NYLL Class members under the NYLL and the NYCRR;

F.      Demand a jury trial on these issues to determine liability and damages;

G.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

H.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the New York Codes Rules and Regulations;

I.      All damages which Plaintiffs and all Collective and Class Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid overtime, liquidated damages, and penalties;

J.      An award to Plaintiff and all Collective and Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

17

K.      An award to Plaintiff and all Collective and Class Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L.      An award to Plaintiff and all Collective and Class Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

M.      Awarding Plaintiff and all Collective and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

N.      Pre-judgment and post-judgment interest, as provided by law; and

O.      Granting Plaintiff and all Collective and Class Plaintiffs other and further relief as this Court finds necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.


Dated:      June 19, 2020
            Garden City, New York

                              Respectfully submitted,

                              */s/ Alexander M. White*
                              Robert J. Valli, Jr.
                              Sara Wyn Kane
                              Alexander M. White
                              **Valli Kane & Vagnini LLP**
                              600 Old Country Road, Suite 519
                              Garden City, New York 11530
                              (516) 203-7180 (phone)
                              (516) 706-0248 (fax)

                              *Attorneys for Plaintiff*