# Valli Kane & Vagnini

### Employee Rights Attorneys

600 Old Country Road  
Suite 519  
Garden City, NY 11530

Tel: (516) 203-7180  
Fax: (516) 706-0248  
www.vkvlawyers.com

July 14, 2021

**VIA ECF**
The Honorable Philip M. Halpern
United States Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**    *Sloben v. SDI International Corp.*
               **Case No.: 7:20-CV-04717 (PMH)**

Dear Judge Halpern:

      As Your Honor is aware, this office represents Plaintiff Christine Sloben ("Sloben") ("Plaintiff") in the above-captioned matter against Defendant SDI International Corp ("Defendant"). Plaintiff and Defendant (collectively, the "Parties") have reached a settlement each deems to be fair and reasonable, as set forth more fully below. Because the First Amended Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), we write without opposition from Defendant to request that Your Honor approve the proposed settlement agreement, which is attached hereto as Exhibit 1 ("Ex. 1").

## INTRODUCTION

      Defendant is engaged in the staffing industry and provides personnel to major corporations such as International Business Machines Corporation ("IBM"), Office Depot, and Lenovo. *See* Dkt. No. 23 ¶¶ 2, 33. Defendant employed Plaintiff as a Video Streaming Specialist and staffed her at IBM in Armonk, New York. *See id.* at ¶ 30. Defendant paid Plaintiff on a "salary plus bonus" basis whereby she received her straight rate for each and every hour worked in excess of forty (40) hours per workweek. *See id.* at ¶¶ 40-49.

      On December 9, 2020, Plaintiff filed this collective and class action seeking unpaid overtime wages and alleging that Defendant misclassified her and all others similarly situated as overtime-exempt. Thereafter, Plaintiff moved for conditional certification of two (2) collectives. *See* Dkt. No. 38. While Plaintiff's motion for conditional certification was pending the parties participated in Court-Ordered Mediation with Mediator Shira Forman and were ultimately able to reach a settlement of Plaintiff's individual claims. Accordingly, Plaintiff now moves without opposition from Defendant for the Court to approve the settlement agreement between the parties

as fair and reasonable. The settlement agreement is without prejudice as to putative collective members.

# ARGUMENT

## I. Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable". *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2nd Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

## II. The Proposed Settlement Agreement Is Fair and Reasonable.

The proposed settlement agreement is both fair and reasonable under the FLSA. Defendant has agreed to compensate Plaintiff and her attorneys ("VKV") a total sum of $175,000.00. *See* Ex. 1. Of the $175,000.00 Plaintiff shall receive $102,287.33 and VKV shall receive $72,712.67 for attorney's fees and costs

First, based on the allegations, Plaintiff's payroll records in her possession, and Defendant's calculations based upon Defendant's payroll records, Plaintiff's maximum potential recovery is estimated to be approximately $140,000, inclusive of owed wages, liquidated damages, and NYLL wage statements penalties if Plaintiff were to be successful in establishing that she was not exempt from overtime under the "highly compensated" exemption or any other exemption during all of the years that she was employed by Defendant and that Defendant and that Defendant did not have a good-faith basis to believe that Plaintiff was exempt from overtime under applicable law.[1] Such is comprised of approximately $40,000 unpaid overtime wages and $100,000 in penalties and liquidated damages under the FLSA and NYLL.

Accordingly, the settlement amount prior to an anticipated award of attorneys' fees and expenses is approximately 125% of what Plaintiff could have recovered under the FLSA and the NYLL should she have been successful at trial. *See Lopez*, 96 F. Supp. 3d (approving a settlement where the plaintiffs recovered approximately 33.33% of their total possible recovery). Thus,

---

[1] Under the NYLL, a plaintiff is limited to a maximum amount of $5,000.00 in penalties for wage statement violations. *See* NYLL § 198.

Plaintiff's recovery (after fees and expenses) is approximately 72.71% of her maximum potential recovery.

Second, the settlement prevents the expenditure of additional time and resources of the Parties, their counsel, and the Court. For example, the parties no longer have to engage in costly discovery, depositions, and related motion practice, including that which is associated with conditional certification, should the Court have granted the motion. Specifically, the parties would have sent notice to the collective members, engaged in collective discovery, which would likely have included reviewing a multitude of documents and policies, including hundreds of pages of payroll records. Moreover, the settlement alleviates the burden associated with summary judgment motions, trial, post-trial motions and appeals.

Third, Defendant denies Plaintiff's allegations that it misclassified Plaintiff (or putative collective members) as overtime-exempt. The determination of whether Plaintiff is overtime-exempt is highly complex and hinges upon whether Defendant's "salary plus bonus" pay policy satisfies 29 C.F.R. § 604 and whether Plaintiff's job duties meet the highly compensation, executive, creative, and/or administrative exemptions. Should Defendant be correct, Plaintiff would not be entitled to any unpaid overtime compensation. If Defendant is incorrect, then it would be required to litigate against and (should the Court grant conditional certification) potentially compensate a collective of individuals. Thus, the settlement resolves the litigation risks faced by the Parties.

Fourth, the Parties' counsel are experienced litigators who primarily practice wage and hour/employment law. *See* Valli Kane & Vagnini LLP's Firm Resume, attached hereto as Exhibit 2. The parties were able to reach a settlement through an approximately eight (8) hour mediation with the court-appointed Mediator (in addition to two prior meetings with the Mediator and the parties). Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed settlement agreement is both fair and reasonable.

### III.    The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

"Under FLSA, 'a court can award attorney's fees based on either the lodestar calculation—the hourly rate times the number of hours worked—or a percentage of the settlement award.'" *Smelser v. Martin's Famous Pastry Shoppe, Inc.*, No. 3:17-CV-01813, 2019 WL 3006539, at *1 (D. Conn. July 10, 2019)., 2019 WL 3006539 at *5 (quoting *Douglas v. Allied Universal Sec. Servs.*, 371 F. Supp. 3d 78, 84 (E.D.N.Y. 2019), reconsideration denied, 381 F. Supp. 3d 239 (E.D.N.Y. 2019)); see *Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-CV00738, 2014 WL 3778211, at *6 (D. Conn. July 31, 2014) ("[T]he Supreme Court, the Second Circuit, and other Circuit Courts [] have held that it is appropriate to award attorneys' fees as a percentage of the entire maximum gross settlement fund.").

Under the terms of the proposed settlement agreement and the retainer agreements between Plaintiff and her counsel, VKV will receive $70,000 from the settlement fund as attorneys' fees or 40%, plus expenses of $2,712.67, which represents costs actually incurred by counsel in litigating this action (including research costs, printing fees for produced payroll documents, filing fees, and

service of process fees), for a total of $72,712.67. *See* Ex 1; VKV's Expense Report, attached hereto as Exhibit 3. Plaintiff not only does not dispute the 40% fee but it is consistent with that which she agreed to in her retainer agreement with VKV.

Although this District has historically limited attorneys' fees in the amount of 33.33% of the settlement fund, recent decisions have altered that artificial limit. Recently, in *Fisher v. SD Prot. Inc.*, the Second Circuit held that "[t]here is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit." No. 18-2504-CV, 2020 WL 550470, at *7 (2d Cir. Feb. 4, 2020). Furthermore, VKV has been approved several times for a 40% contingency fee in FLSA litigation. *See Sanchez v. Some Things Fishy LTD*, 3:20-CV-01127 (D. Conn. 2020); *Fenton v. Criterion Worldwide*, No. 1:18-CV-10224 (S.D.N.Y. 2020) (approving attorneys' fees representing 40% of the settlement fund for Valli Kane & Vagnini LLP); *Marcusse v. Citizens Arts Club, Inc.*, No. 1:19-CV-08379 (S.D.N.Y. 2020) (same); *Richardson v. Vontronix, Inc.*, No. 3:19-CV-19339 (D.N.J. 2020) (same). This is especially true when the award to a plaintiff consists of their full back-pay and an additional sum for liquidated damages, as is the case herein.

VKV's 40% fee is also supported by a "lodestar crosscheck." *See Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("When applying the percentage method to an award for attorney's fees, courts in this Circuit follow the trend of applying the lodestar method as a 'cross-check' to ensure the reasonableness of the award. . . . Courts commonly award lodestar multipliers between two and six") (citation omitted). Set forth below is VKV's summarized billing records:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Robert J. Valli, Jr. | Partner | $600.00 | 29.55 | $17,525.00 |
| Sara Wyn Kane | Partner | $550.00 | 71.44 | $39,292.00 |
| Alexander M. White[2] | Associate | $275.00 | 90.76 | $24,959.00 |
| Alexander M. White | Associate | $250.00 | 122.05 | $30,512.50 |
| Maryanne Greenfield | Paralegal | $175.00 | 4 | $800.00 |
| Luz Arce | Paralegal | $150.00 | .33 | $49.50 |
| Christopher Maier | Paralegal | $150.00 | 1.84 | $276.00 |
| **Total** | | | 319.97 | $113,414.00 |

*See* VKV's Billing Report, attached hereto as Exhibit 4[3]; *Dixon v. Agbai*, No. 15-CV-850 (AT)(AJP), 2016 WL 3702749, at *15 (S.D.N.Y. July 8, 2016), *report and recommendation adopted*, 2016 WL 5660246 (S.D.N.Y. Sept. 28, 2016) ("[R]ates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600.").

Based on VKV's billing records the 40% fee is less than their lodestar, which the Southern District has held to be reasonable. *See Flores v. Anjost Corp.*, No. 11-CV-1531 (AT), 2014 WL

---

[2] On January 1, 2021, Alexander M. White's hourly rate increased by $25.00 due to a significant increase in employment litigation experience.

[3] Plaintiff has redacted the comment section of the billing report as some entries contain client communications. Plaintill will provide the Court with an unredactd copy for *in camera* review upon request.

321831, at *9 (S.D.N.Y. Jan. 29, 2014) ("Applying the lodestar method as a 'cross check,' the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier-indeed, there is no multiplier.") (citations omitted). Thus, VKV's 40% fee is fair and reasonable and supported by the retainer agreement with Plaintiff, the percentage VKV has been awarded in other FLSA cases as well as the "lodestar cross" check.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court: (i) approve the Parties' settlement agreement as fair and reasonable; (ii) approve Plaintiff's attorneys' fees and expenses; (iii) retain jurisdiction to enforce the settlement agreement; and (iv) dismiss this action and all claims asserted against Defendant therein with prejudice as to the Plaintiff and without prejudice as to the putative collective members.

We thank the Court for its time and consideration.

Respectfully Submitted,

/s/ *Robert J. Valli, Jr.*
Robert J. Valli, Jr.

cc:   counsel of record (*via* ECF)