# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of July_, 2021 (the "Effective Date") by and between Christine Sloben ("Sloben") and SDI International Corp. ("SDI"). Sloben and SDI are referred to together as the "Parties" and individually as a "Party."

**WHEREAS**, on June 19, 2020, Sloben filed a putative class and collective action lawsuit against SDI in the United States District Court for the Southern District of New York, Case No. 7:20-CV-04717 (PMH) (the "Litigation") alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law and the New York Code of Rules and Regulations ("NYLL"), among other things;

**WHEREAS**, on December 9, 2020, Sloben filed an amended complaint in the Litigation;

**WHEREAS**, on December 23, 2020, SDI answered the amended complaint and denied all of Sloben's substantive allegations, and continues to deny all liability and wrongdoing in the Litigation;

**WHEREAS**, SDI has represented that there are not enough potential class members to warrant a class action and very few putative collective action members;

**WHEREAS,** no collective or class has been certified in the Litigation; and

**WHEREAS**, the Parties desire to avoid the continued expense, inconvenience, uncertainty, and distraction of the Litigation, and have reached an agreement to settle completely and finally all claims between them under the terms set forth below.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1. **Court Approval.** This Agreement is subject to Court approval and shall not become binding and effective until such time as this Agreement is approved by the Court and the Litigation is dismissed with prejudice. If the Court does not approve the settlement reflected in this Agreement and dismiss the Litigation with prejudice, this Agreement shall be null and void. The Parties shall cooperate in the preparation and filing of all documents necessary for the Court to approve the Parties' settlement and dismiss the Litigation with prejudice. Pursuant to the Court's Order (Dkt. No. 45), (or such other date as directed by the Court), the Parties shall file all settlement documents necessary for the Court to approve the Parties' settlement and dismiss the Litigation with prejudice, "including a Cheeks fairness submission, by joint letter with a proposed Order for judicial review and approval by July 14, 2021."

2. **No Admission of Liability.** The Parties agree that this settlement reflects a compromise of disputed claims and defenses and does not constitute an admission of liability, wrongdoing, non-payment of compensation, damages, or violation of any laws, rules or regulations. SDI expressly denies all such allegations and any and all liability and wrongdoing. Neither the execution of this Agreement, nor the acceptance of or statement of any terms embodied herein, shall constitute an admission or finding of liability, wrongdoing, statutory violation or

noncompliance, or misconduct of any kind on the part of SDI.  This Agreement may not be used as evidence against SDI in any action, arbitration, or other proceeding except to enforce the terms of this Agreement.

      3.     **Payment.**  SDI will make a total, aggregate settlement payment of One Hundred Seventy Five Thousand Dollars ($175,000) (the "Settlement Sum") in full satisfaction of all claims for damages, attorneys' fees, costs, expenses, and other relief arising out of or related to the Litigation and Sloben's prior employment with SDI.  The Settlement Sum shall be allocated and paid in three components as follows:

         a.     One payment in the amount of $51,143.66, less applicable federal and state withholding, to Christine Sloben (which represents wages and compensation) (W2);

         b.     One payment in the amount of $51,143.66 to Christine Sloben (which represents liquidated damages) (1099);

         c.     One payment in the amount of $72,712.67 to Valli Kane & Vagnini LLP (representing attorneys' fees, costs, and expenses relating to the Litigation).

         d.     Sloben shall provide an updated and completed IRS Form W-4 to SDI, and a completed IRS Form W-9 from Plaintiff's counsel, with the executed copy of this Agreement.  SDI shall issue IRS Form 1099 to Valli Kane & Vagnini LLP and IRS Form W-2 and IRS Form 1099 to Christine Sloben with respect to the forgoing Settlement Sum payments.  SDI shall withhold taxes for the Form W-2 payment and Sloben shall be responsible for all tax payments relating to the payment of Form 1099 monies received by counsel.  Sloben agrees to defend and indemnify SDI for any taxes, penalties, interest, or costs that SDI may incur or become liable to pay as the direct or indirect consequence of Sloben's failure to pay any taxes due or owing by her as a result of making the aforesaid payments, excluding any amounts owed for SDI's share of applicable payroll taxes.

         e.     All three checks representing the Settlement Sum shall be delivered to Valli Kane & Vagnini LLP 600 Old Country Road, Suite 519, Garden City, New York 11530.  The payments shall be due within 15 days of the Effective Date of this Agreement.

         f.     Payment of the Settlement Sum shall constitute full, complete, final and satisfactory payment to Sloben and her attorneys for all wages, compensation, penalties, attorneys' fees, damages, costs and interest of any type, nature or kind arising out of or related to the Litigation and her employment with SDI through the Effective Date.  Sloben covenants and agrees that she will seek no further payments, wages compensation, damages, penalties, attorneys' fees, costs, or expenses of any type, nature, or kind from SDI arising out of or relating to the Litigation, her employment, or the cessation of employment with SDI.  Notwithstanding that which is set forth herein, this settlement in no way impacts the individual rights of any putative collective or class member to bring their own claims, if timely.

      4.     **Waiver and Covenant Not to Sue**.  By entering into this Agreement, Sloben hereby waives any and all rights to maintain any claim, and covenants that she will not maintain or pursue, any action, proceeding, arbitration in any other forum whatsoever against SDI or any

parent, affiliate, subsidiary, officer, employee, owner, director, shareholder, agent, attorney, successor, or assign of SDI, or against any customer of SDI to which Sloben was assigned during her employment with SDI, including without limitation International Business Machines ("IBM"), whether individually or on a class or collective basis, under the FLSA, the NYLL, or any regulations, guidance, interpretations, case law, or other authority under the FLSA and/or NYLL, or that otherwise arises out of or relates to the claims or allegations in the Litigation.

5. **Release to SDI.** In exchange for the payment recited above in paragraph 3, and the promises stated herein, Sloben, on behalf of herself and her heirs, successors, and assigns, hereby releases and forever discharges SDI, along with its parents, affiliates, subsidiaries, officers, employees, owners, directors, shareholders, agents, attorneys, successors, and assigns, and any customer of SDI to which Sloben was assigned by SDI, including without limitation IBM, of and from any and all known and unknown causes of action, claims, or suits under the FLSA, the NYLL, and any regulations, guidance, interpretations, case law, or other authority under the FLSA and/or NYLL, or that otherwise arise out of or relate to the claims and allegations in the Litigation. For clarity, and without limiting the foregoing sentence, this release includes any and all claims that were asserted in the Litigation, or that could have been asserted based upon the allegations in the Litigation, including without limitation any claims for unpaid wages, minimum wages, overtime, liquidated damages, penalties, interest, attorneys' fees and costs.

6. **Voluntary Execution**. This Agreement is freely and voluntarily executed by each of the Parties after having been apprised of all relevant information and upon the advice of counsel.

7. **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

8. **Costs.** Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses.

9. **Entire Agreement; No Oral Modification.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

10. **Interpretation.** Each of the Parties has participated in negotiating and drafting this Agreement after consulting with legal counsel.

11. **Governing Law.** This Agreement, and the rights and obligations of the Parties hereunder, shall be construed and interpreted, enforced and governed by and under the laws of the State of New York, without regard to the conflict of law rules thereof.

12. **Severability**. Should any provision of this Agreement be declared or determined by any court to be illegal, invalid, or unenforceable under applicable law, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal, invalid or unenforceable parts, terms or provisions shall be modified or excluded from this Agreement to the minimum extent necessary so that the balance of this Agreement shall remain in full force and effect and enforceable.

13. **Successors and Assigns**. This Agreement shall be binding on each of the Party's successor and assigns.

14. **Execution in Counterparts; Force and Effect**. This Agreement may be executed using facsimile, pdf/emailed signatures, or by e-signature, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

**IN WITNESS WHEREOF,** Parties have executed this Agreement to be effective as of the Effective Date set forth above.

CHRISTINE SLOBEN

By: *Christine Sloben*
Christine Sloben

Dated: 7/13/2021

SDI INTERNATIONAL CORP.

By: *[signature]*
Name:   Carmen Castillo
Title:    Pres/CEO

Dated: 7/14/2021