UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINE SLOBEN,

                        Plaintiff,

v.                                             <u>ORDER</u>

SDI INTERNATIONAL CORP.,           20-cv-04717 (PMH)

                        Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On July 14, 2021, the parties in this wage-and-hour case submitted a joint letter (Doc. 47), a proposed settlement agreement (Doc. 47-1), Plaintiff's counsel's firm's resume (Doc. 47-2), a copy of Plaintiff's counsel's expense records (Doc. 47-3), and a copy of Plaintiff's counsel's billing records (Doc. 47-4) for the Court's approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). And on July 20, 2021, consistent with the Court's July 15, 2021 Order (Doc. 48), Plaintiff's counsel submitted copies of (1) the retainer agreement referenced in the proposed settlement agreement; and (2) a copy of their billing records redacted only for attorney-client communications. (Doc. 49; Doc. 49-1; Doc. 49-2).

        Having carefully reviewed these submissions, the Court finds that the total settlement amount of $175,000 is fair and reasonable under *Cheeks*. The allocation of attorney's fees under the proposed settlement agreement, however, is unreasonable. Accordingly, approval of the proposed settlement agreement is denied.

        "Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18-CV-4672, 2020 WL 8880944, at *1 (S.D.N.Y. Apr. 15, 2020). "Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the

total settlement amount." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); *see also Thornhill v. CVS Pharmacy, Inc.*, No. 13-CV-5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (Courts in this Circuit "typically approve attorney's fees that range between 30 and 33" percent in FLSA cases); *Alt v. Soc. Impact 360, Inc.*, No. 20-CV-4478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases.").

This case is not "extraordinary." *Run Guo Zhang*, 2015 WL 5122530, at *4. It involves only one plaintiff, and a settlement was reached before the Court rendered a decision on conditional collective certification. Under the proposed settlement agreement, however, Plaintiff's counsel would receive $70,000, or 40% of the total settlement amount, plus expenses of $2,712.67.[1] (Doc. 47 at 3; Doc. 47-1 at 2). Consistent with the prevailing view in this District, the Court finds that this proposed allocation of attorney's fees is unreasonable. *See, e.g.*, *Perez v. Karayiannis Glob. Grp., Inc.*, No. 18-CV-10212, 2021 WL 1326866, at *2 (S.D.N.Y. Apr. 8, 2021) (attorney's fees and costs representing 40% of the total award was unreasonable); *Mobley v. Five Gems Mgmt. Corp.*, No. 17-CV-9448, 2018 WL 1684343, at *5 (S.D.N.Y. Apr. 6, 2018) (same); *Ramirez v. Benares Indian Rest. LLC*, No. 14-CV-7423, 2015 WL 926008, at *2 (S.D.N.Y. Mar. 4, 2015) (same).

"In the event that a district court determines that a fee allocation is unreasonable, 'it shall reject the settlement, although it may advise the parties what it would find reasonable and give them an opportunity to reach a new agreement.'" *Garcia v. 120 MP, LLC*, No. 18-CV-6408, 2020 WL 2319126, at *3 (S.D.N.Y. May 8, 2020) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607

---

[1] The Court is not concerned with the $2,712.67 of expenses incurred in prosecuting this action. These expenses were for filing fees, legal research fees, process server fees, and photocopying fees. (Doc. 47-3). The Court concludes that each of these expenses was reasonably incurred.

(2d Cir. 2020)). To that end, the Court advises the parties that it would approve a settlement agreement with an attorney's fee award not exceeding $57,750.

The motion for approval of the proposed settlement agreement (Doc. 47) is DENIED without prejudice to the filing of a revised settlement agreement by August 5, 2021. If the parties are unwilling or unable to revise the settlement agreement in accordance with this Order, they are directed to advise the Court of same in writing by August 5, 2021.

SO-ORDERED:

Dated: White Plains, New York
       July 22, 2021

_____
Philip M. Halpern
United States District Judge