UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTINE SLOBEN,

                Plaintiff,

                                                     ORDER

v.

                                                      20-CV-04717 (PMH)

SDI INTERNATIONAL CORP.,

                Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On July 22, 2021, the Court denied the parties' motion for approval of their proposed settlement agreement without prejudice. (Doc. 50). Plaintiff moved for reconsideration that same day. (Doc. 51). On September 1, 2021, at an in-person hearing, Plaintiff withdrew the motion for reconsideration. (Doc. 56). Following that hearing, the parties were directed to (1) meet and confer and (2) submit a revised settlement agreement in accordance with the Court's July 22, 2021 Order. (*Id*.). On September 8, 2021, the parties filed a joint letter (Doc. 57) and a revised proposed settlement agreement[1] (Doc. 57-1) for the Court's approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

        Having carefully reviewed the joint letter and the revised proposed settlement agreement, the Court finds that the revised proposed settlement agreement "is a fair and reasonable resolution of the dispute." *Kopera v. Home Depot U.S.A., Inc.*, No. 09-CV-8337, 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011). In reaching the agreement, the parties have considered "the litigation risks faced by the [p]arties." (Doc. 47 at 3). Moreover, Plaintiff's counsel's fee award under the revised proposed settlement, which constitutes approximately one-third of the total settlement

---

[1] The copy of the revised proposed settlement agreement that was submitted for the Court's review is not fully executed. (Doc. 57-1 at 4). It only bears Plaintiff's signature. (*Id*.).

amount, is reasonable. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award."); *see also Feliz v. Parkoff Operating Corp.*, No. 17-CV-7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Alt v. Soc. Impact 360, Inc.*, No. 20-CV-4478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases.").

In light of the foregoing, the revised proposed settlement agreement is approved. *See Kopera*, 2011 WL 13272403, at *1 ("'If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.'" (quoting *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-CV-8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010))). The parties are directed to file a fully executed stipulation and order of dismissal with prejudice by September 16, 2021.

SO-ORDERED:

Dated: White Plains, New York
       September 9, 2021

_____
Philip M. Halpern
United States District Judge